IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN WILLIAMS;<br>TERRI SMITH, individually and as<br>Mother and Next Friend of M<br>H  ;<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS HICKOX;<br>ROW EQUIPMENT, INC.;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:17-CV-408-GMB<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiffs, **JOHN WILLIAMS** and **TERRI SMITH**, individually and as Mother and Next Friend of M]  H , allege against the Defendants, **NICHOLAS HICKOX** and **ROW EQUIPMENT, INC.**, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, **JOHN WILLIAMS** ("Mr. Williams"), is an individual over the age of nineteen (19) years and is a resident of Coffee County, Alabama.

2. Plaintiff, **TERRI SMITH** ("Ms. Smith"), is an individual over the age of nineteen (19) years and is a resident of Coffee County, Alabama. Mrs. Smith is the Mother and Next Friend of M  H  ("M "), a minor.

3. Upon information and belief, Defendant, **NICHOLAS HICKOX** ("Mr. Hickox"), is an individual over the age of nineteen (19) years, and was at all times material to the present action a resident of the State of Georgia.

4.     Defendant, **ROW EQUIPMENT, INC.** ("ROW Equipment"), at all times material to the present action, was an incorporated company organized and executed under the laws of the State of Georgia and operating as an interstate motor carrier (USDOT Number 1835097) with its principal place of business located at 6422 US HWY 84, Patterson, Georgia 31516. At all times relevant to the present action, ROW Equipment was conducting business in Houston County, Alabama. ROW Equipment has substantial, continuous, and systematic contacts with the State of Alabama.

5.     This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district and division, specifically, in Houston County, Alabama.

## FACTUAL AVERMENTS COMMON TO ALL COUNTS

7.     On or about February 28, 2017, at approximately 5:15 a.m., Mr. Williams was driving a vehicle east on U.S. Highway 84 in Houston County, Alabama. Ms. Smith and M( were passengers of the vehicle being driven by Mr. Williams.

8.     At that time, Mr. Hickox was driving a tractor-trailer truck owned by ROW Equipment east on U.S. Highway 84 in Houston County, Alabama.

9.     At the aforesaid time, the tractor-trailer truck driven by Mr. Hickox approached the vehicle driven by Mr. Williams from behind. Both vehicles were traveling in the right lane of travel.

10. As Mr. Hickox approached Mr. William's vehicle from behind, he moved the tractor-trailer truck into the left passing lane. Mr. Hickox then began to pass Mr. Williams.

11. As Mr. Hickox was passing Mr. Williams, he directed the tractor-trailer truck back into the right lane of travel and thereby caused the front of the tractor-trailer truck to strike the vehicle operated by Mr. Williams. The tractor-trailer truck then struck Mr. William's vehicle a second time as Mr. Hickox continued to travel eastward.

12. Thereafter, Mr. Hickox left the scene of the wreck.

13. As a proximate consequence of the collision, Mr. Williams was caused to suffer the following injuries and damages:

(a) He suffered physical injuries, including, but not limited to, injury to his back and spine;

(b) He suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

(c) He suffered permanent injury, scarring, disability, and disfigurement;

(d) He suffered a loss of his enjoyment of life;

(e) He has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of his injuries;

(f) He has been caused to be permanently unable to pursue his normal and usual activities; and,

(g) He was caused to suffer and in the future will suffer a substantial loss of earnings and wages, and other benefits.

14. As a proximate consequence of the collision, Ms. Smith was caused to suffer the following injuries and damages:

(a) She suffered physical injuries, the nature and extent of which are undetermined at this time;

(b) She suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

(c) She suffered permanent injury, scarring, disability, and disfigurement;

(d) She suffered a loss of her enjoyment of life;

(e) She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries;

(f) She has been caused to be permanently unable to pursue her normal and usual activities; and,

(g) She was caused to suffer and in the future will suffer a substantial loss of earnings and wages, and other benefits.

15. As a proximate consequence of the collision, M was caused to suffer the following injuries and damages:

(a) He suffered physical injuries, the nature and extent of which are undetermined at this time;

(b) He suffered and will continue to suffer extreme physical pain, mental suffering, and emotional distress;

(c) He suffered permanent injury, scarring, disability, and disfigurement;

(d) He suffered a loss of his enjoyment of life;

(e) He has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of his injuries; and,

(f) He has been caused to be permanently unable to pursue his normal and usual activities.

16. At the time of the incident mentioned above, and at all times relevant to this Complaint, Mr. Hickox was an employee, servant, and/or agent of ROW Equipment acting within the line and scope of his duties and employment.

## COUNT ONE - NEGLIGENCE AGAINST MR. HICKOX AND ROW EQUIPMENT

17. Plaintiffs restate and re-aver each and every allegation set forth above.

18. Mr. Hickox, as an employee, servant, and/or agent of ROW Equipment, had a duty to exercise reasonable care in driving the tractor-trailer truck owned by ROW Equipment.

19. Mr. Hickox, as an employee, servant, and/or agent of ROW Equipment, negligently breached that duty.

20. The negligence of Mr. Hickox combined and concurred with the actions of ROW Equipment to proximately harm Plaintiffs as described above.

21. ROW Equipment is vicariously liable for the actions of its employee, servant, and/or agent, Mr. Hickox.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, John Williams and Terri Smith, individually and as Mother and Next Friend of M    H    , demand judgment, determined by a struck jury, against each of the Defendants, Nicholas Hickox and ROW Equipment, Inc., jointly and severally, and that it award damages in an amount which will adequately compensate them for the injuries and damages that they have suffered and will suffer. Further, Plaintiffs request that the Court enter judgment consistent with the verdict and that it also award Plaintiffs interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## COUNT TWO - WANTONNESS AGAINST MR. HICKOX AND ROW EQUIPMENT

22. Plaintiffs restate and re-aver each and every allegation set forth above.

23. Mr. Hickox, as an employee, servant, and/or agent of ROW Equipment, had a duty to exercise reasonable care in driving the tractor-trailer truck owned by ROW Equipment.

24. Mr. Hickox, as an employee, servant, and/or agent of ROW Equipment, wantonly breached that duty.

25. The wantonness of Mr. Hickox combined and concurred with the actions of ROW Equipment to proximately harm Plaintiffs as described above.

26. ROW Equipment is vicariously liable for the actions of its employee, servant, and/or agent, Mr. Hickox.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, John Williams and Terri Smith, individually and as Mother and Next Friend of M            H            , demand judgment, determined by a struck jury, against each of the Defendants, Nicholas Hickox and ROW Equipment, Inc., jointly and severally, and that it award damages in an amount which will adequately compensate them for the injuries and damages that they have suffered and will suffer. Plaintiffs further demand an award of punitive damages in an amount sufficient to punish the Defendants, protect the public, and prevent similar wrongs in the future. Plaintiffs request that the Court enter judgment consistent with the verdict and that it also award Plaintiffs interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

### COUNT THREE – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST ROW EQUIPMENT

27. Plaintiffs restate and re-aver each and every allegation set forth above.

28. On or about February 28, 2017, Mr. Hickox was an employee, servant, and/or agent of ROW Equipment acting within the line and scope of his duties and employment.

29. ROW Equipment had a duty to use ordinary care when Mr. Hickox was hired, trained, supervised, and retained.

30. ROW Equipment negligently and/or wantonly breached that duty.

31. That negligence and/or wantonness combined and concurred with the actions of Mr. Hickox to proximately harm Plaintiffs as described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, John Williams and Terri Smith, individually and as Mother and Next Friend of M     H         , demand judgment, determined by a struck jury, against each of the Defendants, Nicholas Hickox and ROW Equipment, Inc., jointly and severally, and that it award damages in an amount which will adequately compensate them for the injuries and damages that they have suffered and will suffer. Plaintiffs further demand an award of punitive damages in an amount sufficient to punish the Defendants, protect the public, and prevent similar wrongs in the future. Plaintiffs request that the Court enter judgment consistent with the verdict and that it also award Plaintiffs interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

## COUNT FOUR – NEGLIGENT/WANTON ENTRUSTMENT
## AGAINST ROW EQUIPMENT

32. Plaintiffs restate and re-aver each and every allegation set forth above.

33. On or about February 28, 2017, ROW Equipment was the owner of and had the right of control over the use of the tractor-trailer truck driven by Mr. Hickox, and negligently and/or wantonly entrusted said vehicle to Mr. Hickox who negligently and/or wantonly operated said vehicle causing harm to Plaintiffs as described above. ROW Equipment entrusted said vehicle to Mr. Hickox and is therefore liable to the Plaintiffs.

34. Said negligent and/or wanton entrustment combined and concurred with the actions of Mr. Hickox to cause harm to Plaintiffs as described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, John Williams and Terri Smith, individually and as Mother and Next Friend of M     H        , demand judgment, determined by a struck jury, against each of the Defendants, Nicholas Hickox and ROW Equipment, Inc.,

jointly and severally, and that it award damages in an amount which will adequately compensate them for the injuries and damages that they have suffered and will suffer. Plaintiffs further demand an award of punitive damages in an amount sufficient to punish the Defendants, protect the public, and prevent similar wrongs in the future. Plaintiffs request that the Court enter judgment consistent with the verdict and that it also award Plaintiffs interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

### COUNT FIVE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR

35. Plaintiffs restate and re-aver each and every allegation set forth above.

36. On or about February 28, 2017, and for some time prior thereto, ROW Equipment was the owner(s), lessor(s), and/or lessee(s) of the subject tractor-trailer driven by Mr. Hickox, and as such, had the authority to supervise the maintenance, operation, service, and repair of the subject tractor-trailer.

37. ROW Equipment negligently and/or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service, and/or repair of the subject tractor-trailer.

38. Said negligent and/or wanton conduct was a proximate cause of the harm caused to the Plaintiffs described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, John Williams and Terri Smith, individually and as Mother and Next Friend of M____ H_____, demand judgment, determined by a struck jury, against each of the Defendants, Nicholas Hickox and ROW Equipment, Inc., jointly and severally, and that it award damages in an amount which will adequately compensate them for the injuries and damages that they have suffered and will suffer. Plaintiffs further demand an award of punitive damages in an amount sufficient to punish the Defendants, protect

the public, and prevent similar wrongs in the future. Plaintiffs request that the Court enter judgment consistent with the verdict and that it also award Plaintiffs interest from the date of the judgment and the cost incurred by the Court in managing this lawsuit.

Attorneys for the Plaintiff,

DAVID H. MARSH
ASB-0717-S78D
E-mail: gross@mrblaw.com
JOHN D. MARSH
ASB-0960-Z13C
E-mail: jdmarsh@mrblaw.com
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Pkwy
Suite 600-D
Birmingham, Alabama 35209
Phone: (205) 879-1981
Fax: (205) 879-1986

AND

M. DALE MARSH
ASB-1307-A44M
E-mail: mdm@enterpriselawyers.com
MARSH & COTTER, LLP
203 E. Lee Street
P. O. Box 310910
Enterprise, AL 36331-0910
Phone: (334) 347-2626
Fax: (334) 393-1396

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

Attorney for Plaintiff

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

**NICHOLAS HICKOX**
2265 FOX HILL RANCH LANE
PATTERSON, GA 31557

**ROW EQUIPMENT, INC.**
c/o JILL DAVIS, AGENT
6422 HIGHWAY 84
PATTERSON, GA  31557